[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case came to this court on the hearings in damages list. The defendant, Anderson Lagardere appeared at the hearing and requested that the default be opened and he filed an appearance. He had originally been defaulted for failure to appear. There was no objection by counsel representing the plaintiff. The court also asked the counsel for the plaintiff if she was ready to proceed to trial today since the court would hear the entire trial, because the defendant was here with a witness. The plaintiff's counsel indicated she had no problem proceeding to trial. She indicated she would be able to get in the evidence she needed through the witnesses that were here.
The trial commenced, and the husband of the plaintiff, Mr. Gaston was the sole witness called to testify. He identified the lease agreement which was Exhibit #1 and it was a full exhibit. He identified Exhibit #2 which were the pictures of the damage. He was unable to identify Exhibits #3 and #4, and they were marked for identification only. He did identify Exhibit #5, and that was made a full exhibit which was a copy of the check made payable to Enterprise.
The defendant chose not to take the stand. The allegation of responsibility is that the defendant was using the vehicle without knowledge or permission of the plaintiff. The court finds that the plaintiff has failed to prove that allegation. In fact, the court finds that there was knowledge and permission since the husband who was driving the car expressly allowed the defendant to drive the motor vehicle.
The second count lists allegations of negligence. The defendant did not take the stand. The plaintiff, although given an opportunity by the court to call the defendant, chose not to call the defendant. The court finds that the allegations of negligence as set forth in the second count have not been proven by a fair preponderance of the evidence.
In the third count, there is an allegation in Paragraph #8 that the defendant was using the car without permission. The court expressly finds that there was permission.
The subrogation agreement, if any, was not produced, so how the CT Page 13402 plaintiff can sue the defendant was not set forth on the record by any evidence. Paragraph #9 of the complaint alleges pursuant to its contract of insurance, USAACIC is subrogated. There has been no evidence of that right produced into evidence.
The court is further concerned that an almost illegible contract of rental was introduced as Exhibit #1. It is clear that there is some provision for operation for an additional driver, and it looks as though a $3.00 fee was paid (out to the right-hand side, of the exhibit). It is not clear from that agreement whether or not an additional driver would have been covered.
In any event, the court finds the issues for the defendant. This means that the defendant is not responsible to pay the plaintiff any money.
KARAZIN, J.